STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JONATHAN U. LEE (CABN 148792)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Jonathan.Lee@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 21-0241 JSW |
| Plaintiff, | |
| v. | **UNITED STATES' SENTENCING MEMORANDUM** |
| ADALBERTO BORJA GUARDADO, | |
| Defendant. | |

SENTENCING MEMORANDUM
CR 21-0241 JSW

## I. INTRODUCTION

Defendant Adalberto Borja Guardado ("Guardado") will be sentenced by this Court after pleading guilty to a single count of coercion and enticement. As set forth in the thorough Presentence Investigation Report ("PSR"), Guardado enticed a three-year old girl into a contact sex offense that he committed while filming himself doing so on his cellular phone, while the girl's mother provided in-home care to Guardado's mother. The girl and her family have suffered greatly from Guardado's actions, and the government understands the girl's mother intends to appear at sentencing to address the Court. The government stands by its plea agreement and recommends a 10-year term of imprisonment, which is the mandatory minimum sentence for the count of conviction.

## II. FACTUAL BACKGROUND

### A. Defendant's Offense Conduct

#### 1. Plea Agreement

Guardado admitted these facts in the plea agreement:

> On September 9, 2019, I recorded a video on my cellphone depicting the vagina of a 3-year old girl. The 3-year old girl came to my residence in San Pablo, California with her mother, who was a home care provider for my elderly mother. I told the girl's mother I would watch her 3-year old daughter for her, while she provided care for my mother in another part of the residence. Within a few minutes, I pulled down the 3-year old girl's pants and underpants and used my fingers to touch and then separate the labia majora of the girl's vagina. Using my cell phone, I recorded these events, including when I touched the 3-year old girl's vagina with my fingers. I agree that I knowingly persuaded, induced, enticed and coerced the 3-year old girl so I could make the recording. I agree that I knew the 3-year old girl had not yet attained the age of 18 years. I agree that my cell phone is a facility or means of interstate commerce. I agree that I could be charged with a criminal offense, including molestation of a child in violation of California law, for my conduct with respect to the 3-year old girl on September 9, 2019.

#### 2. The investigation

On September 10, 2019, the minor victim disclosed the incident the prior day with Guardado to her mother. On September 14, 2019, the victim's mother came to the San Pablo Police Department to report the incident. San Pablo Police obtained a warrant to search Guardado's home and to seize electronic devices, specifically smartphones, and they obtained an arrest warrant for Guardado. The

officers executed the search warrant on September 14, 2019, seizing three smartphones Guardado identified as his.  In the smartphone on Guardado's person, the officers found the video in question.  Dated September 9, 2019, at approximately 9:23 a.m., the video showed a prepubescent vagina and also showed fingers touching the vagina.  Investigators were able to play the video.  In the audio in the background on the video, an adult male voice recognized by investigators as Guardado's uses the "bonita" when filming Minor 1.  Translated into English, "bonita" means beautiful.  Guardado admitted he used his smartphone to record himself touching the girl's vagina while commenting on doing so.

The victim's mother later identified the minor in the video as her daughter based on the clothing visible in the video.

The forensic review of Guardado's three cell phones revealed that he possessed other images of child pornography, in addition to the September 9, 2019, video of the minor victim.  The number of these additional images, when counting a video as 75 images, is approximately 155 images total.

On September 14, 2019, San Pablo officers arrested Guardado on charges of child molestation, in violation of California Penal Code section 288(a).

Guardado has been in federal custody since April 23, 2021.  The state dismissed its case against Guardado in June 2021.

### B.    Procedural History

On June 10, 2021, the United States charged defendant by Information alleging Enticement and Coercion of a Minor in violation of 18 U.S.C. § 2422(b).  Guardado pled guilty on September 7, 2021.

In the plea agreement, the parties jointly recommend a term of imprisonment of 120 months.  The plea agreement is filed pursuant to Rules 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

## III.   PENALTIES

### A.    Statutory Penalty Ranges

The maximum penalties for Enticement and Coercion of a Minor are (a) a minimum term of imprisonment of 10 years, and a maximum prison term of life; (b) a maximum supervised release term of life, a minimum supervised release term of 5 years; (c) a maximum fine of $250,000; (d) assessments

SENTENCING MEMORANDUM
 CR 21-241 JSW                              2

1  of $100 (mandatory), $5,000 (per 18 U.S.C. § 3104(a)), and $50,000 (per 18 U.S.C. § 2259A(a)(3)); (e)
2  restitution; and (f) forfeiture.

### B. Guidelines Range

The parties' Plea Agreement sets forth their guideline calculation, which included two enhancements the parties agreed the Court would decide:

| | |
|---|---|
| Base Offense Level, U.S.S.G. §2G1.3(A): | 28 |
| Specific offense characteristics under U.S.S.G. Ch. 2 | |
|     Influenced minor to commit sex act, 2G1.3(b)(2) | +2 |
|     Commission of sex act or contact, 2G1.3(b)(4) | +2 |
|     Minor under the age of 12, 2G1.3(b)(5) | +8 |
| Acceptance of Responsibility: | - 3 |
| Adjusted Offense Level: | 37 |

Probation agrees with the parties' guideline calculations.  Probation recommends a sentence of 180 months' imprisonment.

## IV. LEGAL STANDARD

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the sentencing purposes identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Sentencing Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Kimbrough*, 552 U.S. 85, 108 (2007) (quoting *United States v. Gall*, 552 U.S. 38, 49 (2007)), and are to be kept in mind throughout the process. *See Gall*, 552 U.S. at 50, n. 6.  After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93.

## V. SENTENCING RECOMMENDATION

Taking the Section 3553 factors into account, a sentence of 120 months' imprisonment is sufficient but not greater than necessary to achieve the goals of sentencing.

### A. Victim impact

The PSR describes in detail the severe adverse impact of Guardado's conduct on the minor victim and her family. PSR at ¶¶ 18-22. The victim's mother will address the Court at sentencing. The

SENTENCING MEMORANDUM
CR 21-241 JSW                                               3

recommended sentence takes the impact of Guardado's conduct into consideration and punishes him severely, in part for the impact on the minor victim and her family.

### B. The nature and circumstances of the offense

Guardado's offense is extremely serious. Within minutes of first meeting this young child, Guardado committed a contact sex offense, and he recorded his actions and his words as he did so. The severe impact on the minor victim is further indication of the seriousness of the conduct. Guardado's comments to the investigating officers at the search warrant execution reveal his understanding that his conduct was very harmful and serious.

### C. The defendant's history and characteristics

Guardado is a 68-year old man who will turn 69 later this year. His upbringing and young adult life were difficult, as is described by the detailed PSR. He has limited criminal history, with one adult conviction in 1996 and three arrests in 2000-2002. Guardado has been a Bay Area resident for many years, and he has a large family with three adult daughters and seven grandchildren, who range in age from two to 21. PSR ¶ 58. He has worked as a musician and volunteered at a variety of community-based organizations offering programming to support families, youth and children. PSR ¶ 59. In this case, Guardado accepted responsibility shortly after the federal charges were filed. The recommended sentence takes these aspects of Guardado's background and history into account and imposes on him a severe penalty due to the nature of his conduct, the impact on the victims, and the need for deterrence, just punishment and to promote respect for the law.

### D. The need to reflect the seriousness of the offense

The recommended sentence reflects the seriousness of the offense by imposing a ten-year term of imprisonment. Guardado will be in federal prison beyond age 75. He will, as a result, miss out on the experiences of everyday life of a father and grandfather. After his prison term, Guardado will in all likelihood be deported. PSR ¶ 63.

### E. The need to promote respect for the law

There is no dispute that Guardado's conduct harmed a very young child and in the process undermined multiple mores intended to promote important societal interests. Children are vulnerable

SENTENCING MEMORANDUM
 CR 21-241 JSW                                         4

and society recognizes a need to protect them and institute programs intended to promote their development and welfare such as public education. Guardado knew, as a father and grandfather, that his conduct showed a lack of respect for society's interest in the welfare of children.

### F. The need for just punishment

The recommended sentence advances the need for just punishment in this case. A ten-year prison sentence is a severe penalty for Guardado considering his personal circumstances. The recommended sentence will provide the victim, her family and the community with the time needed to be assured that Guardado will not re-offend, either upon his release or after his deportation.

### G. The need for general and specific deterrence

With respect to the enticement offense conduct, the need for general and specific deterrence is strong. The prevention of any future act by this defendant harming any children is a specific need for deterrence. Beyond the need to deter this defendant, the Court and the community have a strong interest in deterring any like-minded individuals from similar offense conduct. The recommended sentence will provide strong specific and general deterrence.

### H. The need for protection of the public

The recommended sentence will protect the public from Guardado because he will be incapacitated for ten years. Guardado's conduct in enticing the minor victim within a few short minutes shows that this need to protect the public is real. Therefore, the recommended sentence is necessary to protect the public from any further enticement conduct by Guardado.

### I. Supervised Release

The government concurs with Probation's recommendation of a 15-year term of supervised release.

### J. Forfeiture

The government requests that the Court order forfeiture of the three devices described in paragraph 11 of the parties' plea agreement.

### K. Assessments and Fines

The government concurs in Probation's recommendation of assessments of $5,000 under the

SENTENCING MEMORANDUM
CR 21-241 JSW                        5

JVTA Act and $100 mandatory assessment.

### L. Restitution

The government requests that the Court set a date for a hearing on restitution. Pursuant to 18 U.S.C. § 3664(d)(5), undersigned counsel informs the Court that the victim's losses are not ascertainable 10 days prior to sentencing, and requests that the Court set a date for the final determination of the claims within 90 days of the sentencing hearing, if the parties are unable to reach a stipulated resolution.

## VI. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court impose a sentence of 120 months of imprisonment, followed by a 15-year term of supervised release, restitution, forfeiture, and all special assessments described herein. This sentence is appropriate in light of all of the Section 3553(a) factors and is sufficient, but not greater than necessary, to accomplish the goals of sentencing.

Dated: February 15, 2022         STEPHANIE M. HINDS
                                 United States Attorney


                                        /s/
                                 JONATHAN U. LEE
                                 Assistant United States Attorney
                                 Attorney for the UNITED STATES OF AMERICA

SENTENCING MEMORANDUM
CR 21-241 JSW                              6