UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADELBERTO GUARDADO,<br><br>Defendant. | Case No. 21-cr-00241-JSW-1<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEF FROM GOVERNMENT** |

The Court has received and considered the parties' most recent briefs regarding restitution. The Court tentatively concludes Defendant has the better argument that the Government has not shown the victim "incurred" past costs. 18 U.S.C. section 2248, like 18 U.S.C. section 2259, defines the full amount of a victim's losses to be those "incurred by the victim." *See United States v. Follett,* 269 F.3d 996, 999 (9th Cir. 2001); 18 U.S.C. § 2259(b)(2)(A), (c)(2). The court in *Follett* considered the text of Section 3663 but noted that, "unlike the pertinent phrase in § 2248," Section 3663(b)(2)(A) "appears clearly to allow restitution to reflect the value of services provided, no matter who is obligated to pay for them." *Follett*, 269 F.3d at 1001.

The Court ORDERS the Government to file a two page brief by no later than February 13, 2023, with its best argument about why *Follett* does not govern the question of whether the victim in this case "incurred" the costs of mental health treatment sought as restitution. Defendant may file a one page reply by February 16, 2023.

**IT IS SO ORDERED**.

Dated: February 9, 2023

_____
JEFFREY S. WHITE
United States District Judge