UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADELBERTO GUARDADO,<br><br>Defendant. | Case No. 21-cr-00241-JSW-1<br><br>**ORDER REGARDING RESTITUTION AND ISSUING AMENDED JUDGMENT** |

## BACKGROUND

On February 22, 2022, the Court sentenced defendant to a term of 200 months imprisonment following his plea of guilty to one count of coercion and enticement of a minor in violation of 18 U.S.C. § 2242(b). (Dkt. No. 40.) Pursuant to the Mandatory Victims Restitution Act, restitution is mandatory. Following sentencing, the Court continued the matter for a restitution hearing. (Dkt. No. 39.)

On May 27, 2022, the Government submitted a brief, in which it stated that the victim was seeking $23,146.97 in restitution for therapeutic care she had received thus far and $20,800 in restitution for future therapy. (Dkt. Nos. 46-47.) On May 31, 2022, the parties appeared for the restitution hearing, which the Court then continued several times at the parties' request. On August 18, 2022, the parties filed a stipulation and advised the Court they had reached a resolution. Defendant promised to pay restitution in the amount of "$5,000 on or before August 30, 2022, using funds borrowed from members of [his] family. The victim through her representative agree[d] to this compromise amount on the express condition that defendant make full and timely payment" by August 30, 2022. (Dkt. No. 58, Stipulation, ¶ 10.) The Court granted the parties' stipulation and required the parties to submit a status report on August 30, 2022. (Dkt.

No. 59.) On August 23, 2022, the Court issued an amended judgment reflecting restitution in that amount. (Dkt. No. 60.)

After Defendant failed to make the agreed upon restitution payment by August 30, 2022, the Court once again continued the matter several times at the parties' request. On January 23, 2023, the Court held a further status hearing, at which the parties advised the Court that Defendant's family was no longer willing to pay the agreed upon amount. The Government advised the Court that the agreed upon amount was contingent upon the payment being received by August 30, 2022. The Court set a briefing schedule to address the dispute. (Dkt. Nos. 74-75.) The Court has received and considered the parties' briefs and will resolve the matter without a further hearing.[1]

**ANALYSIS**

The parties agree that restitution is mandatory. 18 U.S.C. §§ 2249(a)-(b), 2259(a), (b)(4)(A).[2] The parties also agree that the Court must impose restitution for the "full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim" as a result of the offense, which may include "medical services relating to physical, psychiatric, or psychological care." *Id.* § 2249(b)(3); *see also id.* § 2259(b)(2), (c)(2)(A).[3] The Court may not deny restitution based on "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." *Id.* § 2259(b)(4)(B)(ii).

A.  **The Court Denies the Request for Past Costs of Psychological Care.**

Defendant objects to the victim's request for the costs of past counseling because the organization that provided therapy was reimbursed directly by Medi-Cal. (Dkt. No. 45, United States' Memorandum re Restitution ("Gov. Rest. Memo.") at 3:3-6; Dkt. No. 45-1, Declaration of

---

[1] Defendant, through counsel, raised the issue of whether he should be present at a hearing to resolve the dispute over the amount of restitution. Defendant is no longer housed in this District and has not waived his appearance at a hearing. However, counsel has not articulated any prejudice Defendant might suffer if the Court resolves this issue on the papers.

[2] All further statutory citations are to Title 18 of the U.S. Code, unless otherwise noted.

[3] Defendant does not dispute that his conduct proximately caused any losses the victim may have incurred or will incur in the future. *See United States v. Kennedy*, 643 F.3d 1251, 1262-63 (9th Cir. 2011).

2

1  Jonathan U. Lee ("Lee Decl."), ¶ 3; Dkt. No. 45-2, Declaration of Amanda Campbell ("Campbell
2  Decl."), ¶¶ 1-4; Dkt. Nos. 47-2, 47-3 (Gov. Exs. A-B).)  According to Defendant, this means the
3  victim did not actually "incur" those costs.
4        Defendant primarily relies on *United States v. Follet*, 269 F.3d 996 (9th Cir. 2001).  In that
5  case, the defendant pleaded guilty to sexual abuse of a minor and restitution was imposed pursuant
6  to Section 2248.  *Id.* at 998-99.  The district court imposed restitution for past and future
7  psychological counseling.  The defendant objected to the award for past counseling because it was
8  provided by a government funded counseling center at no cost to the victim, and the Ninth Circuit
9  reversed.  *Id.* at 998.
10       It began its analysis by examining the text of Section 2248, which required restitution in
11 the "full amount of the victim's losses," *i.e.* "any costs incurred by the victim for … medical
12 services relating to physical, psychiatric, or psychological care."  *Id.* at 998-99 (quoting 18 U.S.C.
13 § 2248(b)(3)(A)).  (quoting 18 U.S.C. § 2248(a), (b)(1), (b)(3)(A)).  Under Section 2248, a
14 "victim" is "the individual harmed as a result of a commission of a crime under this chapter."  *Id.*
15 (quoting 18 U.S.C. § 2248(c)).  Section 2248 also cross-referenced Section 3664, which provides
16 that "in some circumstances, courts must order restitution to be paid to someone other than the
17 victim, where that other person (an insurance company for example) 'provided or is obligated to
18 provide … compensation' to the victim 'with respect to a loss.'"  *Id.* (quoting 18 U.S.C. §
19 3664(j)(1)).
20       The court reasoned that although the treatment center "incurred" costs and that sexual
21 abuse of a minor is the type of crime that usually will result in psychological harm to the victim,
22 the connection was "too attenuated" to bring the treatment center within the statutory definition of
23 victim.  *Id.*  The court also considered the fact that Section 2248 cross-referenced Section 3664.  It
24 recognized that a defendant is unlikely to consider whether or not a victim will be actually called
25 upon to pay for costs of treatment but concluded that Congress structured Section 2248 to
26 distinguish between costs "the victim is obligated to pay to the provider of services whether or not
27 another entity reimburses the victim for those costs and those that the victim is not so obligated to
28 pay[.]"  *Id.*  The court also determined that the provisions of Section 3664 did not "trump …

*United States District Court*
*Northern District of California*

substantive limitations contained in § 2248 regarding the costs that can be included in restitution orders." *Id.* Thus, "[a] cost … which the victim will never have to pay because the services will be provided directly by a government or charitable organization is not 'incurred' by the victim, even if that organization will incur costs for the benefit of the victim." *Id.*

Like Section 2248, Section 2259 requires restitution for the "full amount of the victim's losses that were incurred by the victim," repeats the requirement that costs be incurred by the victim in the definition of "full amount of the victim's losses," and defines "victim" to mean "the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. §§ 2259(b)(2)(A), (c)(2), (c)(4). As set forth above, Section 2259 mirrors Section 2248's requirement that a court cannot decline to impose restitution because of "the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source." 18 U.S.C. § 2248(b)(4)(B)(ii).

The Court concludes that, based on the plain language of Section 2259, Medi-Cal cannot be considered the "victim." The record demonstrates that Medi-Cal reimbursed the care provider directly. (Campell Decl., ¶ 4.) Thus, there is nothing in the record to show the victim "incurred" the costs of her past therapeutic care. *Cf. United States v. Coutenos*, No. 09-CR-60-LRR, 2010 WL 3909890, at *5 (N.D. Iowa Oct. 1, 2010) ("There is no evidence in the record indicating that the victim first paid the $206.20, and was later reimbursed by Blue Cross.").

The Government also argues that "when the crime involves a bodily injury to a victim, the MVRA does not limit restitution for medical or psychological costs to those expenses incurred by victim." (Dkt. No. 77, Gov't Reply at 3:20-21 (citing 18 U.S.C. § 3663A(b)(2)). For example, in *United States v. Cliatt*, on which the Government relies, the victim was stabbed by her husband and was treated for injuries resulting from the attack. 338 F.3d 1089, 1090 (9th Cir. 2003). Because she was an active duty member of the U.S. Army, she received her treatment free of charge. *Id.* One of the facilities who provided care sought restitution under the MVRA. The court concluded that whether or not it was a "victim" it was entitled to restitution because Section 3663A(b)(2) required a defendant "to pay an amount equal to the cost of" necessary medical care. *Id.* at 1091. The court distinguished that language from language like that used in Section 2259,

4

*i.e.* language that required a defendant to "reimburse the cost incurred by the victim for medical and similar care." *Id.*

Section 3663A applies to specified offenses and cases where a victim has suffered a physical injury. 18 U.S.C. § 3663A(c)(1). The Government relies on the latter circumstance to argue the Court should award the past costs of therapeutic care, either to the victim or to the care provider. *Cf. United States v. Lauina*, No. 18:cr-00106-SLG, 2022 WL 489614, at *2 (D. Alaska Feb. 17, 2022) (affirming award of restitution directly to treatment provider under Section 3663, where plea agreement did not exclude possibility of restitution being owed to a third party and where record showed victim suffered bodily injury). The Court does not intend to discount the trauma inflicted by the Defendant on the victim. However, there is insufficient evidence in the record to show the victim suffered a physical injury such that the Court could find Section 3663A applicable. Accordingly, the Court concludes the Government has not met its burden to show that restitution for the cost of past care should be awarded.

Defendant also argues the Government also fails to meet its burden to show restitution in the amount of $20,800 is warranted for any future care because the Government has not shown the victim will be required to pay for, *i.e.*, incur those costs. The Court does not find that argument persuasive. The Government has established by a preponderance of the evidence that the victim will require counselling in the future, and the record before the Court regarding the costs of past therapeutic care provide support for the figure requested.

Accordingly, the Court HEREBY ORDERS Defendant to pay $20,800 in restitution to the victim, and it will issue an amended judgment accordingly.

**IT IS SO ORDERED.**

Dated: February 28, 2023

JEFFREY S. WHITE
United States District Judge

5